IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD JOE JELANI, )<br>)<br>          Plaintiff, )<br>)<br>vs. )<br>)<br>REESE LANE, Sheriff, Creek County; )<br>JOE BURNETT, Deputy Sheriff, Creek County,)<br>)<br>          Defendants. ) | No. 05-CV-712-JHP-PJC |

### OPINION AND ORDER DISMISSING AMENDED COMPLAINT

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a state prisoner appearing *pro se*. By Order filed January 5, 2006 (Dkt. # 4), the Court granted Plaintiff's motion to proceed *in forma pauperis*, required payment of an initial partial filing fee, and directed Plaintiff to file an amended complaint to avoid dismissal of this action for failure to state a claim upon which relief may be granted. On January 17, 2006, in compliance with the Court's Order, Plaintiff filed an amended complaint (Dkt. # 5). He also paid an initial partial filing fee on February 6, 2006.

Upon review of the amended complaint and for the reasons discussed below, the Court finds the amended complaint fails to state a claim upon which relief may be granted. As Plaintiff has already been afforded the opportunity to cure deficiencies in his complaint, the Court finds it would be futile to allow further amendment of the complaint. Therefore, the complaint, as amended, shall be dismissed without prejudice for failure to state a claim.

### *BACKGROUND*

As summarized in the January 5, 2006 Order (Dkt. # 4), Plaintiff's claims arose while he was a detainee the Creek County Jail ("CCJ"), from March 13, 2005, the date of his arrest, through April 11, 2005, the date of his transfer to the David L. Moss Criminal Justice Center in Tulsa, Oklahoma,

where, as of July 28, 2006, he remains incarcerated. He complains in his amended complaint that his right to due process was violated and that he was subjected to cruel and unusual punishment while at CCJ. First, Plaintiff alleges that he was held at the CCJ under the "false" name of Donald Ray Booker and that he had no prior felonies as alleged by officials. See Dkt. # 5. He claims that he was suicidal and he was placed in a maximum security "hole" area where he was held with no medical officials present. He also states that CCJ was overcrowded and that he was placed in a cell with an "open mattress with un-healthy material" which made him "sick in sinus cavity area." On March 28, 2005, Plaintiff alleges that another inmate, identified as Russ Burnett, was placed in his cell, and that on April 3, 2005, inmate Burnett struck Plaintiff in the face and kicked him in the head. See id.

Based on those facts, Plaintiff identifies three (3) causes of action in his amended complaint as follows:

Count 1:   Arrested on March 13, 2005, knowing I was suicidal as police knew.

Count 2:   Common practice as inmate Mike Fidler, #19129, told me to place rival gang members in cells together.

Count 3:   Denied assistance of counsel at every critical stage of criminal process, denied use of private calls to lawyer.

(Dkt. # 5). As in the original complaint, the only defendants named in the amended complaint are Reese Lane, identified by Plaintiff as Sheriff of Creek County, and Joe Burnett, identified as Deputy Sheriff of Creek County.

As to actions specifically attributed to Defendant Lane, Plaintiff states only that he "requested to see Reese Lane to file charges against Russ Burnett but was ignored and still trying

to file charges against him." [1] (Dkt. # 5). As to actions specifically attributed to Defendant Joe Burnett, Plaintiff claims that he "told Joe Burnett to drop false felony charge against me and was denied,"[2] that he "wrote Joe Burnett April 5, 2005 and have notarized letter from her," and that he "wrote Joe Burnett and she responded back which is clear evidence she knew what was going on and ignored me for the remainder of my time in Creek County Jail . . . ." (Dkt. # 5). In the section of the amended complaint addressing exhaustion of administrative remedies, Plaintiff first indicates that he has not sought formal or informal administrative relief and has instead filed the amended complaint presently before the Court. (Id.) He also indicates that he has exhausted available administrative remedies by "attempt[ing] to get grand jury to investigate Creek County with no success." (Id.) In his prayer for relief in the amended complaint, Plaintiff requests "($2,800,000.00) two million eight hundred thousand dollars." (Id.)

## *ANALYSIS*

Plaintiff is a prisoner as that term is defined in § 1915A(c) (i.e., a person incarcerated for violations of the criminal law). The defendants in this case are employees of a governmental entity. The Court is, therefore, required to screen Plaintiff's complaint. See 28 U.S.C. § 1915A(a). During this initial review, the Court is required to "identify cognizable claims or dismiss the complaint, or any part of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon

---

[1] Under Oklahoma law, an indictment or information is sufficient if found by a grand jury or presented by the district attorney. An individual or county sheriff cannot present an indictment or information. See Okla. Stat. tit. 22, § 409 (defining sufficiency of indictment or information).

[2] The Deputy Sheriff of Creek County would have no authority to modify a charge filed against a detainee. Therefore, Defendant Burnett's action in denying Plaintiff's request to drop a "false" felony charge does not give rise to a constitutional violation.

3

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Furthermore, Plaintiff has been granted leave to proceed in this matter *in forma pauperis*. In cases where the plaintiff is proceeding *in forma pauperis*, § 1915(e) provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall** dismiss the [*in forma pauperis*] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). A court should dismiss a constitutional civil rights claim only if it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988) (citing Owens v. Rush, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Id.; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Furthermore, pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. See also Fed. R. Civ. P. 12(b)(6) and Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (setting forth standards for evaluating the sufficiency of a claim).

After liberally construing Plaintiff's *pro se* amended complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fails to state a claim upon which relief may be granted as to Defendants Lane and Burnett and shall be dismissed. As Plaintiff has already been afforded an

opportunity to amend his complaint, the Court finds that to allow further amendment would be futile. Therefore, the complaint, as amended, shall be dismissed without prejudice.

**A. Failure to exhaust administrative remedies**

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 126 S.Ct. 2378 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) "imposes a pleading requirement on the prisoner," who must "(1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (quotation omitted). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Id. (quotation omitted). The "PLRA contains a total exhaustion requirement" and "the presence of unexhausted claims in [a] complaint" requires the dismissal of

5

the complaint without prejudice. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

In his amended complaint, Plaintiff indicates that he exhausted administrative remedies by attempting "to get grand jury to investigate Creek County with no success." The Court finds that statement of exhaustion insufficient to satisfy the PLRA requirements identified above. Plaintiff has not described with specificity his efforts, if any, to present each of his claims to CCJ officials by following the administrative procedures available at the facility. See Steele, 355 F.3d at 1210. In the absence of particularized averments concerning exhaustion of each claim, this action must be dismissed under § 1997e. Id.

**B. Failure to state a claim**

*1. Individual capacity*

Even if Plaintiff exhausted administrative remedies prior to filing the compliant in this case, the Court finds the amended complaint fails to state a claim upon which relief may be granted and shall be dismissed. As the Court stated in its January 5, 2006 Order (Dkt. # 4), it is well established that a civil rights defendant may not be held individually liable under section 1983 unless the defendant caused or participated in the alleged constitutional deprivation. Housley v. Dodson, 41 F.3d 597, 600 (10th Cir. 1994). Mere supervisory status, without more, will not create liability in a Section 1983 action. See Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000); Gagan v. Norton, 35 F.3d 1473, 1476 n.4 (10th Cir.1994). Instead, to establish supervisory liability, a plaintiff must show that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Worrell, 219 F.3d at 1214 (quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir.1988)

(quotation omitted) (alteration in original)); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir.1996); Volk v. Coler, 845 F.2d 1422, 1431 (7th Cir. 1988). In the present case, Sheriff Lane and Deputy Sheriff Burnett can be held individually liable only if, by their own conduct, they deprived Plaintiff of any rights secured under the Constitution. See Rizzo v. Goode, 423 U.S. 362, 377 (1976); Duckworth v. Franzen, 780 F.2d 645, 650 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986).

After reviewing the Plaintiff's allegations in the amended complaint, the Court finds that as he did in the original complaint, Plaintiff has failed to allege facts indicating that either Defendant Lane or Burnett, by his or her own conduct, caused or participated in any alleged constitutional violations. Plaintiff's claims as asserted in the amended complaint contain a mishmash of legal terms and factual allegations. However, giving liberal construction to the claims, see Haines v. Kerner, 404 U.S. 519 (1972), the Court finds the first two claims identified in the amended complaint allege that Defendants failed to protect Plaintiff while in custody at CCJ and that the third claim relates to factors affecting the prosecution of criminal charges.

Pretrial detainees and inmates have a right to be reasonably protected from threats of violence and attacks by other inmates. See Ramos v. Lamm, 639 F.2d 559 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981). Deliberate indifference on the part of corrections officials to inmate safety and the probability of violent attacks violates a convicted prisoner's Eighth Amendment rights. Berry v. City of Muskogee, 900 F.2d 1489, 1494-95 (10th Cir. 1990). Under the deliberate indifference standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S.Ct. 1970, 1984 (1994). Detainees retain at least the constitutional protections of

convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 545 (1979). Therefore, if an official's conduct amounts to deliberate indifference, a detainee's Fourteenth Amendment Due Process rights would also be violated.

Plaintiff alleges no fact indicating that either named Defendant participated in decisions affecting Plaintiff's cell assignment in the jail, his cell mate(s), or his medical care. Plaintiff simply alleges he told Defendant Burnett of the incidents after the incidents had occurred and that Defendant Lane failed to file criminal charges against Plaintiff's cell mate, Russ Burnett. Plaintiff identifies certain jailers in his attached pages of supporting facts, but those jailers are not named defendants. As stated above and as explained to Plaintiff in the Court's prior Order, mere supervisory status does not give rise to liability in the absence of an affirmative link between the constitutional deprivation and the supervisor's conduct. Even construing Plaintiff's amended complaint liberally, in accordance with his *pro se* status, the Court finds that Plaintiff has failed to set forth adequately the requisite nexus to establish the liability of Defendants Lane and Burnett in their individual capacities.

As his first claim, Plaintiff alleges that he was suicidal at the time of his arrest and that the police knew it. Significantly, Plaintiff does not allege that either Defendant Reese or Defendant Burnett knew that he was suicidal. Furthermore, Plaintiff never indicates how the actions or inactions of Defendants Reese and Burnett violated any right with respect to his suicidal condition. The Court concludes that Plaintiff's first claim is conclusory and may not proceed for that reason.

As his second claim, Plaintiff states that he was told by another inmate that it was a common practice at the CCJ to place rival gang members in cells together. Plaintiff also indicates his cell mate became violent and mentally disturbed and that he struck Plaintiff in the face and kicked him

in the head. However, Plaintiff fails to make any factual allegation suggesting that either Defendant Reese or Defendant Burnett knew that Plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. As a result, the second claim asserted in the amended complaint fails to state a claim as to Defendants Reese and Burnett in their individual capacity.

As his third claim, Plaintiff alleges that he was denied assistance of counsel at every critical stage of the criminal process. In a related claim, Plaintiff asserts that he was held under a "false name" resulting in an erroneous allegation that he had a prior felony. He also claims he was not timely advised of a first degree murder charge filed in Tulsa County District Court. While those claims may be relevant to the criminal charges faced by Plaintiff, they do not give rise to claims for civil rights violations by Defendants Reese and Burnett. Plaintiff's claims related to his criminal charges should be asserted during his criminal trial and/or on direct appeal. As a result, Plaintiff's third claim fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to Defendants Reese and Burnett in their individual capacity.

### *2. Official capacity*

To the extent Plaintiff has sued Defendants Lane and Burnett in their official capacity as employees of Creek County, the Court again finds Plaintiff's amended complaint fails to state a claim upon which relief may be granted. Claims against a government officer in his official capacity are actually claims against the government entity for which the officer works. Kentucky v. Graham, 473 U.S. 159, 167 (1985). Because section 1983 does not recognize the theory of respondeat superior as a basis for liability, in order to succeed on an official capacity claim against a county official under section 1983, a plaintiff must allege that he suffered injuries of a constitutional

magnitude as the result of an official policy, custom, or practice. Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978); Meade, 841 F.2d at 1529. The plaintiff may allege an action taken as a result of policy by showing that the constitutional injury resulted from the action or decision of an individual with final policy making authority with respect to the action ordered. Pembaur v. Cincinnati, 475 U.S. 469, 482 (1986). Plaintiff may also show a policy by demonstrating a pattern of conduct or series of acts which reasonably imply the existence of a policy or custom. See Strauss v. Chicago, 760 F.2d 765, 768-69 (7th Cir. 1985). In cases addressing municipal liability, courts have required a plaintiff to show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. See Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006) (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989)).

Plaintiff's first and third claims in this case are not based on a policy or custom of CCJ. However, in his second claim, Plaintiff states that he was told by another inmate that CCJ had a common practice of placing rival gang members in the same cell. Plaintiff describes an incident where he was assaulted by a violent cell mate, but he does not allege that he and the cell mate were rival gang members[3] or that he sustained any injury as a result of CCJ's alleged common practice of housing rival gang members in the same cell. As a result, Plaintiff's claim lacks the requisite causal link between the identified policy and the injury he allegedly sustained. Furthermore, he does not allege that any of the other constitutional deprivations he experienced while incarcerated at the CCJ resulted from an action or decision of either Defendant Reese or Burnett as the final policy making authority with respect to the action ordered. As a result, Plaintiff's complaint, as amended,

---

[3]Plaintiff states he was a born-again Christian. He makes no allegation concerning his cell mate's religious affiliation.

shall be dismissed for failure to state claim against Defendants Lane and Burnett, in their official capacities as Sheriff and Deputy Sheriff of Creek County.

### C. Application of 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, this action shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

### *CONCLUSION*

Plaintiff has failed to demonstrate that he exhausted administrative remedies for each claim prior to filing his complaint. In addition, Plaintiff's claims against Defendants Lane and Burnett as asserted in the amended complaint fail to state a claim upon which relief may be granted. As Plaintiff has already been afforded the opportunity to amend his complaint, the Court finds further amendment would be futile. This action shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's complaint (Dkt. # 1), as amended (Dkt. # 5), fails to state a claim upon which relief may be granted.

2. This action is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. Plaintiff is reminded of his ongoing obligation to pay the balance owed on the filing fee for this action.

SO ORDERED THIS 8th day of August, 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma